## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **GENUINE ENABLING TECHNOLOGY LLC,**<br><br>              **Plaintiff,**<br><br>     **v.**<br><br>**NINTENDO CO., LTD. and**<br>**NINTENDO OF AMERICA INC.,**<br><br>              **Defendants.** | Case No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Genuine Enabling Technology LLC ("Genuine Enabling") brings this Complaint against Defendants Nintendo Co. Ltd. and Nintendo of America Inc. (collectively, "the Nintendo Defendants"), and hereby alleges as follows:

### Nature of the Action

1.     This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, by Genuine Enabling against the Nintendo Defendants for infringement of United States Patent No. 6,219,730 ("the '730 patent") (attached as **Exhibit A**).

### The Parties

2.     Genuine Enabling is a Delaware limited liability company with its principal place of business at 301 Santillo Way, Downingtown, PA 19335.

3.     Upon information and belief, Defendant Nintendo Co., Ltd. ("Nintendo Co.") is a corporation organized and existing under the laws of Japan with its principal place of business at 11-1 Hokotate-cho, Kamitoba, Minami-ku, Kyoto, Japan 601-8501.

4.      Upon information and belief, Nintendo Co. is in the business of, *inter alia*, developing, manufacturing, and selling video game products including but not limited to consoles, console systems[1], accessories, controllers and components of those products  such as Nintendo Wii console system, the Nintendo Wii Remote and the Nintendo Wii Remote Plus (collectively, "the Nintendo Products") for importation into the United States and sales in the United States, including Delaware either directly or through intermediaries.

5.      Upon information and belief, Defendant Nintendo of America Inc. ("Nintendo of America") is a corporation organized under the laws of Washington, having a principal place of business at 4600 150th Avenue NE, in Redmond, Washington 98052.

6.      Upon information and belief, Defendant Nintendo of America has appointed Corporation Trust Company at Corporation Trust Center, 1209 Orange Street in Wilmington, Delaware as its registered agent for the service of process in the State of Delaware.

7.      Upon information and belief, Nintendo of America is in the business of, *inter alia*, selling the Nintendo Products in the United States, including Delaware either directly or through intermediaries.

8.      Upon information and belief, Nintendo of America is a wholly owned subsidiary of Nintendo Co.

**Jurisdiction and Venue**

9.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction

---

[1] As used herein, Console system(s) refers to the commercial product offered to retailers and other end-users, which includes, *inter alia*, a console and at least one controller.  An example of a console system can be found at: https://www.amazon.com/Nintendo-Wii-Console-Black/dp/B0009VXBAQ/ref=lp_14218861_1_6?s=videogames&ie=UTF8&qid=1485192843&sr=1-6&th=1.

pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     Upon information and belief, the Nintendo Defendants are, and have been, engaged in the business of making, having made, using, selling and/or offering to sell within the United States, and/or importing into the United States user input devices and console systems containing features and/or functionality covered by one or more claims of the '730 patent.

11.     Non-limiting examples of these user input devices and console systems are the Nintendo Products, which, on information and belief, have been sold within this judicial District, without limitation, through http://www.nintendo.com/wiiu/accessories, and the websites and retail locations of third parties (*see, e.g.*, GameStop, Target and Walmart most of which have retail locations in Wilmington, DE).

12.     Upon information and belief, the Nintendo Defendants purposefully direct sales and offers for sale of user input devices and video game console systems, including but not limited to the Nintendo Products, toward the state of Delaware, including this District.

13.     This Court has personal jurisdiction over the Nintendo Defendants because, among other things, the Nintendo Defendants have committed, aided, abetted, contributed to and/or participated in the commission of patent infringement in violation of 35 U.S.C. § 271 in this judicial district and elsewhere that led to harm and injury to Plaintiff.

14.     For example, the Nintendo Defendants have placed, and continue to place, products which infringe one or more claims of the '730 patent into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in this District.

15.     This Court has personal jurisdiction over Nintendo Co. because it has affiliations with and/or conducts business in Delaware that are so continuous and systematic as to establish

minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

16.     This Court has personal jurisdiction over Nintendo of America because it has affiliations with and/or conducts business in Delaware that are so continuous and systematic as to establish minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

17.     The Nintendo Defendants have had knowledge of the '730 patent and their infringement since at least as early as the service of Plaintiff's Complaint in this action.

18.     Venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400, at least because acts amounting to or in furtherance of patent infringement have been committed in this District and/or the Nintendo Defendants are subject to personal jurisdiction in this District.

### The Patent-in-Suit

19.     On April 17, 2001, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,219,730, entitled "Method and Apparatus for Producing a Combined Data Stream and Recovering Therefrom the Respective User Input Stream and at Least One Input Signal," to inventor Nghi Nho Nguyen.

20.     Genuine Enabling Technology LLC is the sole owner of the entire right, title, and interest in and to the '730 patent, including the right to sue and recover past and future damages for any and all infringements thereof.

### First Cause of Action: Direct Infringement of U.S. Patent No. 6,219,730

21.     Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 20 of this Complaint, as though set forth here in its entirety.

22.     Upon information and belief, the Nintendo Defendants have infringed, and

continue to infringe, either literally and/or under the doctrine of equivalents at least Claims 16, 21, 22, 23, 24 and 25 of the '730 patent by making, using, selling, offering for sale and/or importing into the United States user input devices and video game console systems including, but not limited to, the Nintendo Products in violation of 35 U.S.C. § 271(a).

23.     As one example, the Nintendo Wii Remote controller is a user input device that either literally or under the doctrine of equivalents meets every element of Claim 16 of the '730 patent.

24.     The following chart provides a non-limiting example of said infringement:

| | |
|---|---|
| 16. An apparatus linked to a computer by a communication link, functioning as a user input device and additionally receiving at least one input signal, comprising: | The Nintendo Wii Remote controller is a user input device that communicates with a Nintendo Wii console via a Bluetooth communication link: |
| a user input device producing a user input stream; | The buttons and associated components on the Nintendo Wii Remote controller produce a user input stream; |
| an input port receiving at least one input signal; | The Nintendo Wii Remote controller includes a Bluetooth micro-controller (e.g., the BCM2042 micro-controller) that receives at least one input signal from one or more accelerometers (e.g., ADXL330 accelerometer) in the Nintendo Wii Remote controller; |
| a converter receiving the at least one input signal for producing an input stream; and | The input signal from the accelerometer (e.g., ADXL330 accelerometer) is converted into an input stream by a converter (e.g., an analog-to-digital converter) in the Nintendo Wii Remote controller; and |
| a framer synchronizing the user input stream with the input stream and encoding the same into a combined data stream transferable by the communication link. | The Bluetooth micro-controller (e.g., the BCM2042 micro-controller) synchronizes the user input stream with the input stream and encodes them into a combined data stream that is transferable from the Nintendo Wii Remote controller to the Nintendo Wii console via a Bluetooth communication link. |

25.     By reason of the Nintendo Defendants' infringing activities, Genuine Enabling has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

26.     The Nintendo Defendants' conduct in infringing the '730 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### Second Cause of Action: Induced Infringement of U.S. Patent No. 6,219,730

27.     Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 26 of this Complaint, as though set forth here in its entirety.

28.     Upon information and belief, the Nintendo Defendants' customers (e.g., distributors, retailers, and online vendors), and/or other end users directly infringe one or more claims of the '730 patent under 35 U.S.C. § 271(a) by using, selling, offering to sell, or importing infringing products including, but not limited to, the Nintendo Products in or into the United States.

29.     Upon information and belief and after having knowledge of the '730 patent as set forth in Paragraph 17 above, the Nintendo Defendants have actively induced, and continue to actively induce infringement of one or more claims of the '730 patent under 35 U.S.C. § 271(b) by selling, importing, and/or offering for sale products, including, but not limited to, the Nintendo Products, to its customers and/or end users with knowledge and intent that such actions will cause its customers and/or end users to directly infringe the '730 patent, and encourages such infringement through its marketing, sales and support of the products by, *inter alia*, creating and disseminating promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the infringing products.

30.     By reason of the Nintendo Defendants' infringing activities, Genuine Enabling

has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

31.     The Nintendo Defendants' conduct in infringing the '730 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### Third Cause of Action: Contributory Infringement of U.S. Patent No. 6,219,730

32.     Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 31 of this Complaint, as though set forth here in its entirety.

33.     Upon information and belief and after having knowledge of the '730 patent as set forth in Paragraph 17 above, the Nintendo Defendants have contributorily infringed, and continue to contributorily infringe, the '730 patent in violation of 35 U.S.C. § 271(c).

34.     The Nintendo Defendants' customers and other end users directly infringe one or more claims of the '730 patent under 35 U.S.C. § 271(a) by using, selling, offering to sell, or importing infringing products including, but not limited to, the Nintendo Products.

35.     The Nintendo Defendants have offered for sale, sold, and/or imported supplemental, ancillary, and/or replacement components that are specially made and/or specially adapted for infringing use with infringing products, including but not limited to, the Nintendo Products.

36.     Such infringing products, including at least the Nintendo Products, are designed and intended for use with Nintendo Wii consoles or other infringing uses and have no substantial non-infringing use.

37.     By reason of the Nintendo Defendants' infringing activities, Genuine Enabling has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

38.    The Nintendo Defendants' conduct in infringing the '730 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

A.    That Defendants have directly infringed the '730 patent;

B.    That Defendants have induced others to infringe the '730 patent;

C.    That Defendants have contributed to the infringement of the '730 patent;

D.    That Defendants be ordered to pay damages adequate to compensate Plaintiffs for Defendants' infringement of the '730 patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest thereon;

E.    That Defendants be ordered to account for post-verdict infringement and pay no less than a reasonable royalty, together with interest, thereon;

F.    That this is an exceptional case under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees, costs, and expenses; and

G.    That Plaintiff be granted such other and additional relief as the Court deems just and proper.

## **Jury Demand**

Plaintiff hereby demands a jury trial as to all issues so triable.

Dated: February 8, 2017

Of Counsel:

Peter D. Shapiro
Christopher M. Gerson
Giancarlo L. Scaccia
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
pshapiro@fchs.com
cgerson@fchs.com
gscaccia@fchs.com

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

/s/ *Dana K. Severance*
Dana K. Severance (#4869)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4383
DSeverance@wcsr.com

*Attorneys for Plaintiffs*

38446292

-9-