IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GENUINE ENABLING TECHNOLOGY LLC, )
                                           )
               Plaintiff,            )
                                             )
        v.                        )            C.A. No. 17-134-VAC-CJB
                                             )
NINTENDO CO., LTD. and            )            **JURY TRIAL DEMANDED**
NINTENDO OF AMERICA INC.,      )
                                             )
            Defendants.         )

## DEFENDANT NINTENDO CO., LTD.'S ANSWER

Defendant Nintendo Co., Ltd. ("NCL")[1] submits this Answer to Plaintiff Genuine

Enabling Technology LLC's ("Genuine Enabling" or "Plaintiff") Complaint for Patent

Infringement dated February 8, 2017. To the extent any allegation contained in Plaintiff's

Complaint is not specifically admitted in this Answer, it is hereby denied.

## ANSWER

## COMPLAINT SECTION: NATURE OF THE ACTION[2]

1.      NCL admits that this action purports to be one for patent infringement under 35

U.S.C. § 271, *et seq.*, by Genuine Enabling against NCL and Nintendo of America Inc. ("NOA")

for alleged infringement of U.S. Patent No. 6,219,730 ("the '730 patent"). NCL admits that

Exhibit A purports to be a copy of the '730 patent. NCL denies that it infringes the '730 patent

in any way.

---

[1] Undersigned counsel represents both NCL and Nintendo of America Inc. ("NOA") in this matter. Concurrent with this NCL Answer, NOA is filing a motion to dismiss or transfer for improper venue. Therefore, this Answer is being filed on behalf of NCL only.
[2] NCL repeats the headings set forth in the Complaint to simplify comparing the Complaint to this Answer. By doing so, NCL makes no admission as to the truth of any factual allegations contained in or implied by those headings.

2.      Upon information and belief, NCL admits that Genuine Enabling is a Delaware LLC formed in November 2016, less than three months before it filed suit against NCL.  NCL lacks knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 2.

3.      Admitted.

4.      NCL admits that it is in the business of developing and selling video game consoles, accessories, and controllers in Japan.  NCL is a Japanese corporation that does not sell products within or import products into the United States.  Nor does NCL manufacture the Nintendo Products.  Nintendo denies that the term "Nintendo Products" describes any device that infringes any claim of the '730 patent.  The remaining allegations contained in Paragraph 4 are non-specific and vague as to alleged sales "through intermediaries" and to unidentified "components," and accordingly, NCL lacks knowledge or information sufficient to enable it to admit or deny the same.

5.      Admitted.

6.      NCL admits that Corporation Trust Company is a registered agent for service of process for NOA in Delaware.

7.      NCL admits that NOA is in the business of selling the Wii Remote Plus throughout the United States, either by NOA or nonparty retailers.  Other Nintendo Products have been discontinued in the United States.  The remaining allegations contained in Paragraph 7 are non-specific and vague as to "through intermediaries," and accordingly, NCL lacks knowledge or information sufficient to enable it to admit or deny the same.

8.      NCL admits that NOA is a wholly owned subsidiary of NCL.

## COMPLAINT SECTION: JURISDICTION AND VENUE

9.      NCL admits that Genuine Enabling brings this action alleging patent infringement under Title 35 of the United States Code, but denies any liability thereunder.  NCL admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.      NCL denies that it is engaged in the business of making, having made, using, selling and/or offering to sell within the United States, and/or importing into the United States any user input devices or console systems containing features and/or functionality covered by any claim of the '730 patent.

11.      NCL admits that the Nintendo Products have been sold throughout the United States, including in Delaware, but denies that any Nintendo Product infringes the '730 patent in any way.  The remaining allegations contained in Paragraph 11 are non-specific and vague as to the time frame and alleged actions of NCL, NOA, or any "third parties," and accordingly, NCL lacks knowledge or information sufficient to enable it to admit or deny the same.

12.      NCL admits that the Nintendo Products have been sold or offered for sale throughout the United States, including in Delaware, but denies that NCL purposefully directs sales and offers for sale of those products to Delaware or that any Nintendo Product infringes the '730 Patent in any way.  NCL is a Japanese corporation that does not sell products within or import products into the United States, including in Delaware.  The remaining allegations contained in Paragraph 12 are non-specific and vague as to the "user input devices and video game console systems," and accordingly, NCL denies the allegations.

13.      NCL denies that the Court has personal jurisdiction over it.  NCL denies that it has committed, aided, abetted, contributed to, or participated in any acts of direct or indirect infringement of the '730 patent, or continues to commit, aid, abet, contribute, or participate in

any acts of direct or indirect infringement of the '730 patent in violation of 35 U.S.C. § 271 or any other provision of the patent Act, in this judicial District or elsewhere.

14.     NCL admits that the Nintendo Products have been sold throughout the United States, including in Delaware, but denies that NCL purposefully directs sales and offers for sale of those products to Delaware or that any Nintendo Product infringes the '730 patent in any way. NCL is a Japanese corporation that does not sell products within or import products into the United States.  NCL denies that it has committed or continues to commit any acts of direct or indirect infringement of the '730 patent in violation of 35 U.S.C. § 271 or any other provision of the Patent Act, in this judicial District or elsewhere.

15.     NCL denies that the Court has personal jurisdiction over it.  NCL is a Japanese corporation that does not sell products within or import products into the United States.  NCL denies that it has committed or continues to commit any acts of direct or indirect infringement of the '730 patent in violation of 35 U.S.C. § 271 or any other provision of the Patent Act, in this judicial District or elsewhere.

16.     Paragraph 16 pleads a legal conclusion regarding NOA to which no response from NCL is required.

17.     NCL admits that it had knowledge of the '730 patent since service of Plaintiff's Complaint.  NCL denies that it has committed or continues to commit any acts of direct or indirect infringement of the '730 patent in violation of 35 U.S.C. § 271 or any other provision of the Patent Act, in this judicial District or elsewhere.

18.     NCL denies that venue is proper in this judicial district because NCL is not a resident of Delaware, has no regular and established place of business in this judicial District, and there is no personal jurisdiction over NCL in Delaware.

## COMPLAINT SECTION: THE PATENT-IN-SUIT

19.     NCL admits that U.S. Patent No. 6,219,730, on its face, is entitled "Method and Apparatus for Producing a Combined Data Stream Recovering Therefrom the Respective User Input Stream and at Least One Input Signal," lists Nghi Nho Nguyen as the inventor, and contains an issue date of April 17, 2001.  NCL denies that the '730 patent was duly and legally issued because it is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

20.     NCL lacks knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 20 and therefore denies the same.

## COMPLAINT SECTION:  FIRST CAUSE OF ACTION
### (Direct Infringement of U.S. Patent No. 6,219,730)

21.     NCL incorporates by reference its answers to Paragraphs 1-20 above.

22.     NCL denies the allegations in Paragraph 22 of the Complaint.

23.     NCL denies the allegations in Paragraph 23 of the Complaint.

24.     NCL denies the allegations in Paragraph 24 of the Complaint.

25.     NCL denies the allegations in Paragraph 25 of the Complaint.

26.     NCL denies the allegations in Paragraph 26 of the Complaint.

## COMPLAINT SECTION:  SECOND CAUSE OF ACTION
### (Induced Infringement of U.S. Patent No. 6,219,730)

27.     NCL incorporates by reference its answers to Paragraphs 1-26 above.

28.     NCL denies the allegations in Paragraph 28 of the Complaint.

29.     NCL denies the allegations in Paragraph 29 of the Complaint.

30.     NCL denies the allegations in Paragraph 30 of the Complaint.

31.     NCL denies the allegations in Paragraph 31 of the Complaint.

## COMPLAINT SECTION: THIRD CAUSE OF ACTION
### (Contributory Infringement of U.S. Patent No. 6,219,730)

32.     NCL incorporates by reference its answers to Paragraphs 1-31 above.

33.     NCL denies the allegations in Paragraph 33 of the Complaint.

34.     NCL denies the allegations in Paragraph 34 of the Complaint.

35.     NCL denies the allegations in Paragraph 35 of the Complaint.

36.     NCL admits that there are products intended for use with Nintendo's Wii consoles.
NCL denies that any Nintendo Product is designed and intended for any "infringing uses" and
that such products have no substantial non-infringing use.  The remaining allegations contained
in Paragraph 36 relating to "[s]uch infringing products" are non-specific and vague as to the
products at issue, and accordingly, NCL denies the allegations.  NCL denies the remaining
allegations of Paragraph 36 of the Complaint.

37.     NCL denies the allegations of Paragraph 37 of the Complaint.

38.     NCL denies the allegations of Paragraph 38 of the Complaint.

## COMPLAINT SECTION:  PRAYER FOR RELIEF

NCL denies that Genuine Enabling is entitled to any relief as sought in its Complaint. To
the extent Plaintiff's Prayer for Relief contains any allegations not addressed above, NCL denies
the allegations.

## COMPLAINT SECTION:  JURY DEMAND

NCL admits that Plaintiff demands a trial by jury.  To the extent any allegation by
Plaintiff is not addressed above, NCL denies the allegation.

## NCL'S DEFENSES

Without assuming any burden that it would not otherwise have, as defenses to Plaintiff's
Complaint, NCL asserts that:

## FIRST DEFENSE

### (Non-Infringement of the '730 Patent)

39.     NCL has not infringed and is not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '730 patent.

## SECOND DEFENSE

### (Invalidity of the '730 Patent)

40.     The '730 patent, and each claim thereof, is invalid under 35 U.S.C. § 1 *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE

### (No Injunctive Relief)

41.     Plaintiff is not entitled to injunctive relief because it has, at a minimum, adequate remedies at law and has suffered no irreparable harm.

## FOURTH DEFENSE

### (Laches)

42.     Plaintiff's claims for relief are barred, in whole or part, by the equitable doctrine of laches.

## FIFTH DEFENSE

### (Improper Venue)

43.     Venue is improper in this judicial district because NCL is not a resident of Delaware, has no regular and established place of business within this judicial District, and is not subject to personal jurisdiction in Delaware.

## SIXTH DEFENSE

### (Prosecution History Estoppel)

44.     To the extent Genuine Enabling alleges infringement pursuant to the doctrine of equivalents, Genuine Enabling is estopped from claiming that the '730 patent covers the accused products, technologies, or their use under the doctrine of prosecution history estoppel.

## SEVENTH DEFENSE

### (Lack of Personal Jurisdiction)

45.     Personal jurisdiction in this suit over NCL is improper.  NCL is a Japanese corporation that does not sell products within or import products into the United States, including in Delaware.  NCL has its principal place of business in Kyoto, Japan.

## EIGHTH DEFENSE

### (Reservation of Rights)

46.     NCL reserves the right to assert additional defenses that may become apparent during discovery in this action.

## JURY DEMAND

NCL respectfully demands a jury trial on all issues so triable to a jury.

/s/ Karen E. Keller
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Defendants Nintendo of America Inc. and Nintendo Co., Ltd.*

OF COUNSEL:
Jerry A. Riedinger
Jonathan L. McFarland
Lane M. Polozola
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
(206) 359-8000

- 8 -

David R. Pekarek Krohn
PERKINS COIE LLP
1 East Main St., Suite 201
Madison, WI 53703
(608) 663-7496

Dated: May 30, 2017