UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENUINE ENABLING TECHNOLOGY LLC,

Plaintiff(s),

v.

NINTENDO CO LTD et al.,

Defendant(s).

CASE NO. 2:19−cv−00351−RSM

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 4/19/2019 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 4/26/2019 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 5/3/2019 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by telephone to Lowell Williams or Laurie Cuaresma, Courtroom Deputy, at (206) 370−8521. If Defendants have appeared, the parties are directed to meet and to confer before contacting the Court to request an extension.

If this case involves claims which are exempt from the requirements of FRCP 26(a) and 26(f), please notify Lowell Williams or Laurie Cuaresma, Courtroom Deputy, by telephone at (206) 370−8521.

## II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by May 3, 2019. This conference shall be by direct and personal communication, whether that be a face–to–face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A proposed deadline for the joining of additional parties.

3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13, to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable              may conduct all proceedings, including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

4. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

    (A) initial disclosures;

    (B) subjects, timing, and potential phasing of discovery;

    (C) electronically stored information;

        (D) privilege issues;

        (E) proposed limitations on discovery; and

        (F) the need for any discovery related orders.

5. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

        (A) prompt case resolution;

        (B) alternative dispute resolution;

        (C) related cases;

        (D) discovery management;

        (E) anticipated discovery sought;

        (F) phasing of motions;

        (G) preservation of discoverable information;

        (H) privilege issues;

        (I) Model Protocol for Discovery of ESI; and;

        (J) alternatives to Model Protocol.

6. The date by which discovery can be completed.

7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

8. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

9. Any other suggestions for shortening or simplifying the case.

10. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

11. Whether the trial will be jury or non–jury.

12. The number of trial days required.

13. The names, addresses, and telephone numbers of all trial counsel.

14. The dates on which the trial counsel may have complications to be considered in setting a trial date.

15. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

16. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

17. List the date(s) that each and every non–governmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.

If the parties are unable to agree to any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Lowell Williams or Laurie Cuaresma by telephone at (206) 370–8521.

### III. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

### IV. ALTERATIONS TO ELECTRONIC FILING PROCEDURES

Beginning June 1, 2004, counsel are required to electronically file all documents

with the Court. *Pro se* litigants may file either electronically or in paper form. Information and procedures for electronic filing can be found on the website for the Western District of Washington at www.wawd.uscourts.gov. The following alterations to the Electronic Filing Procedures apply in all cases pending before Judge Martinez:

1. Section III, Paragraph F: when the aggregate submittal to the Court (*i.e.,* the motion, any declarations and exhibits, the proposed Order, and the certificate of service) exceeds **fifty (50)** pages in length, a paper copy of the documents (with tabs or other organizing aids as appropriate) shall be delivered to the Clerk's Office for chambers, in addition to electronically filing the document. The chambers copy must be clearly marked as a "Courtesy Copy of Electronic Filing for Chambers."

2. In addition, unless the proposed Order is stipulated, agreed, or otherwise unopposed, the parties need not e−mail a copy of the proposed Order to the judge's e−mail address.

**V. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION**

If settlement is achieved, counsel shall immediately notify Lowell Williams or Laurie Cuaresma, Courtroom Deputy, at (206) 370−8521.

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

DATED: The 22nd of March 2019

_____
Honorable Ricardo S. Martinez
United States District Judge