UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENUINE ENABLING TECHNOLOGY LLC., <br><br> Plaintiff, <br><br> v. <br><br> NINTENDO CO., LTD. and NINTENDO OF AMERICA INC., <br><br> Defendants. | CASE NO. C19-351 RSM <br><br> ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on the parties' Stipulated Motion for Protective Order. Dkt. #78.

The Court finds that the proposed Protective Order does not conform to the requirement that its "protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles" as required by Local Rule 26(c)(2). Under the section entitled Confidential Material, the Court's Model Protective Order instructs: "[t]he parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as 'sensitive business material.'" *See* Dkt. #78-2 at 3.

Parties listed the following materials as "confidential":

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 1

> [I]nformation (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Such information shall include commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential.

Dkt. #78-1 at 3. "Information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)" and "other information required by . . . agreement to be kept confidential" are overbroad categories too likely to include materials not entitled to confidential treatment. Furthermore, parties' reference to Rule 26(c)(7) is in error. *See generally* Fed. R. Civ. P. 26(c). Though the Court presumes parties intended to cite Fed. R. Civ. P. 26(c)(1)(G) regarding protection of trade secrets, the point warrants clarification. Likewise, parties have listed the following materials as "highly confidential":

> [E]xtremely sensitive CONFIDENTIAL Material, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information shall include but is not limited to trade secrets, confidential research and development, any non-public financial, technical, marketing, pricing and revenue information, and any other sensitive trade secret information.

Dkt. #78-1 at 4. "Non-public financial, technical, marketing, pricing and revenue information" is similarly overbroad and too likely to include materials not entitled to highly confidential treatment.

The parties justify this departure from the Model Protective Order's guidelines on the basis that "the circumstances of the case required the parties to make multiple changes to the Model Protective Order." Dkt. #78 at 2. This explanation fails to justify the parties' changes. For this reason alone, the Motion will be denied.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the parties' Stipulated Motion for Protective Order (Dkt. #78) is DENIED.

DATED this 11th day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE