UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENUINE ENABLING TECHNOLOGY LLC., | No. C19-00351-RSM |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| NINTENDO CO., LTD. and NINTENDO OF AMERICA INC., | |
| Defendants. | |

Plaintiff Genuine Enabling Technology LLC and Defendants Nintendo Co., Ltd. and Nintendo of America Inc. (collectively, Nintendo), in the interest of avoiding ancillary litigation of discovery issues relating to party and/or non-party confidential commercial and/or proprietary information, stipulate and agree as follows:

1.    **PURPOSES AND LIMITATIONS**

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public

STIPULATED PROTECTIVE ORDER – 1

1  disclosure and use extends only to the limited information or items that are entitled to

2  confidential treatment under the applicable legal principles, and it does not presumptively entitle

3  parties to file confidential information under seal.

4      Pursuant to Local Civil Rule 26(c)(2), the parties began with the District's Model

5  Protective Order and have identified departures from the model in redline, attached hereto as

6  Exhibit B.  The stipulated/requested modifications to the Model Protective Order are necessary

7  because of the nature of this case, a technical patent matter that will focus on the operation of

8  Nintendo technology, and the anticipated disclosure in discovery of voluminous amounts of

9  documents and material containing among other things: confidential and  sensitive information

10  regarding the technical functionality of Nintendo and non-party devices and source code for

11  those devices, which describe the internal electrical and processing operations of these electronic

12  devices; internal non-public corporate strategy and financial information; and confidential patent

13  license agreements.  Public disclosure of such information would cause substantial harm to the

14  disclosing party, and thus the requested protections are appropriate.

15      The Stipulated Protective Order is consistent with this Court's rules and does not confer

16  blanket protection on all disclosures or responses to discovery.  *See* Sections 2.2, 2.7, and 2.8.[1]

17  The protection from public disclosure and use only extends to the limited information and things

18  that are entitled to confidential treatment.  Moreover, the Stipulated Protective Order does not

19  presumptively entitle parties to file protected material under seal.  *See infra* Section 4.5.

20  **2.**   **DEFINITIONS**

21      2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of

22  information or items under this Order.

23

24

25  [1] The parties initially filed a stipulated motion for entry of a proposed protective order on July 8, 2019.  Dkt. 78.  The Court denied that motion on July 11, 2019.  Dkt. 79.  This revised stipulated protective order addresses the Court's concerns in Dkt. 79, including by more specifically enumerating the categories of information to be designated CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.  *See* Sections 2.2, 2.7, and 2.8.

26

STIPULATED PROTECTIVE ORDER – 2

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2.2 <u>"CONFIDENTIAL" Material</u>: "Confidential" material shall include the following categories of documents, tangible things, and other information:

    a) Material containing non-public personal identifiers (e.g., tax information, bank account numbers, social security numbers);

    b) Material that a Designating Party is required by law or by contract to keep confidential.

    c) The following categories of Material containing or constituting proprietary information concerning a Designating Party's business:

        1) Material containing non-public information about a Designating Party's finances, such as sales records, income statements, cash flow statements, assets and liabilities sheets, and equity statements (but such material may fall within the definition of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material, as set forth below);

        2) Organizational charts and non-public information concerning personnel responsibilities and project assignments; and

        3) Non-public corporate policies and procedures (but such material may fall within the definition of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material, as set forth below).

2.3 <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

STIPULATED PROTECTIVE ORDER – 3

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who may provide expert opinions or testimony in this action.

2.7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material: "Highly Confidential - Attorneys' Eyes Only" Material shall include the following categories of highly sensitive, confidential documents, tangible things, and other information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm, and which do not fall within the scope of "HIGHLY CONFIDENTIAL - SOURCE CODE" Material:

   a) Material containing information on the sales-revenues, profits, pricing, costs, and expenses of a Designating Party's products and services;

   b) The following categories of Materials concerning the non-public technical details of a Designating Party's products and services:

      1) Product or component schematics and engineering diagrams, specifications, datasheets, technical manuals, and drawings, including CAD drawings, logic diagrams, wiring diagrams, and circuit diagrams or schematics;

      2) Software API (application programming interface) and programming guides;

      3) Bills of materials and pricing estimates;

      4) Product testing plans, procedures, and reports;

      5) Prototypes, and material concerning the non-public technical details of prototypes;

      6) Manufacturing and packaging plans, procedures, and reports, and service manuals;

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

c)  The following categories of materials containing or constituting proprietary information concerning a Designating Party's business:

   1)  Annual or multi-year business strategy plans, reports, and studies;

   2)  Market strategy or opportunity studies or reports (e.g., SWOT analyses);

   3)  Non-public consumer surveys or studies;

   4)  Product marketing strategy and/or positioning plans and reports;

   5)  Intellectual property license and sales agreements and the terms thereof, to the extent such agreements impose confidentiality obligations;

   6)  Policies or procedures for licensing and selling intellectual property; and

   7)  Customer and supplier lists.

2.8  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive CONFIDENTIAL Material representing computer code and associated comments and revision histories, formulas, engineering specifications, schematics that define or otherwise describe in detail the algorithms or structure of software designs, or particularly sensitive hardware schematics, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9  House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11  Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this

STIPULATED PROTECTIVE ORDER – 5

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

2  that party and their support staff.

3      2.12   Party:  any party to this action, including all of its officers, directors, employees,

4  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

5      2.13   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

6  Material in this action.

7      2.14   Professional Vendors:  persons or entities other than Experts that provide

8  litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

9  demonstrations, and organizing, storing, or retrieving data in any form or medium) and their

10  employees and subcontractors.

11      2.15   Protected Material:  any Disclosure or Discovery Material that is designated as

12  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as

13  "HIGHLY CONFIDENTIAL – SOURCE CODE."

14      2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a

15  Producing Party that is designated as Protected Material.

16  **3.    SCOPE**

17      The protections conferred by the Parties' agreement cover not only Protected Material (as

18  defined above), but also (1) any information copied or extracted from Protected Material; (2) all

19  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

20  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

21  However, the protections conferred by this agreement do not cover information that is in the

22  public domain or becomes part of the public domain through trial or otherwise.

23  **4.    ACCESS TO AND USE OF PROTECTED MATERIAL**

24      4.1    Basic Principles.    A Receiving Party may use Protected Material that is disclosed

25  or produced by another Party or by a Non-Party in connection with this case only for

26  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

STIPULATED PROTECTIVE ORDER – 6

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

4.2　　Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); which documents need not be served on the opposing Party but shall be retained by counsel for the Receiving Party; and

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary who are former employees of a Party, and who would have been during their employment authorized to view the information or item, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

STIPULATED PROTECTIVE ORDER – 7

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1 Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits

2 to depositions that reveal Protected Material must be separately bound by the court reporter and

3 may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

4 (g) the author or recipient of a document containing the information or a

5 custodian or other person who otherwise possessed or knew the information.

6 4.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

7 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise

8 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

9 disclose any Disclosure or Discovery material designated "HIGHLY CONFIDENTIAL –

10 ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

11 (a) the Receiving Party's Outside Counsel of Record in this action, as well as

12 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

13 information for this litigation;

14 (b) Experts of the Receiving Party (1) to whom disclosure is reasonably

15 necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

16 Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 4.4(a), below, have

17 been followed;

18 (c) the court and its personnel;

19 (d) court reporters and their staff, professional jury or trial consultants, and

20 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

21 have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

22 (e) the author or recipient of a document containing the information or a custodian

23 or other person who otherwise possessed or knew the information.

24 4.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY

25 CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

26 CODE" Information or Items.

STIPULATED PROTECTIVE ORDER – 8

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1        (a) Unless otherwise ordered by the court or agreed to in writing by the

2 Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

3 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

4 EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 4.3(b)

5 first must make a written request to the Designating Party that (1) identifies the general

6 categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

7 CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

8 disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

9 her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

10 Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

11 received compensation or funding for work in his or her areas of expertise or to whom the expert

12 has provided professional services, including in connection with a litigation, at any time during

13 the preceding five (5) years, and (6) identifies (by name and number of the case and location of

14 court) any litigation in connection with which the Expert has offered expert testimony, including

15 through a declaration, report, or testimony at a deposition or trial, during the preceding five (5)

16 years.

17        (b) A Party that makes a request and provides the information specified in the

18 preceding respective paragraphs may disclose the subject Protected Material to the identified

19 Expert unless, within seven (7) days of delivering the request, the Party receives a written

20 objection from the Designating Party.  Any such objection must set forth in detail the grounds on

21 which it is based.

22        (c) A Party that receives a timely written objection must meet and confer with the

23 Designating Party to try to resolve the matter by agreement within seven (7) days of the written

24 objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert

25 may file a motion as provided in Local Civil Rule 7 seeking permission from the court to do so.

26 Any such motion must describe the circumstances with specificity, set forth in detail the reasons

STIPULATED PROTECTIVE ORDER – 9

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

2  disclosure would entail, and suggest any additional means that could be used to reduce that risk.

3  In addition, any such motion must be accompanied by a competent declaration describing the

4  parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and

5  confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

6  to approve the disclosure.

7       In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

8  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

9  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

10       Defendants contend that Mr. Nguyen, the owner of GET, should not be permitted to

11  access Defendants' HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY

12  CONFIDENTIAL - SOURCE CODE documents even if he is designated as an Expert for GET

13  in this action.  GET contends that resolution of this issue is premature because it has not decided

14  whether Mr. Nguyen will seek access to Defendants' HIGHLY CONFIDENTIAL -

15  ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE documents and

16  it will follow the disclosure and objection procedures in this section if Mr. Nguyen seeks access

17  to these materials in the future.

18       4.5   <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or

19  referencing such material in court filings, the filing party shall confer with the designating party

20  to determine whether the designating party will remove the confidential designation, whether the

21  document can be redacted, or whether a motion to seal or stipulation and proposed order is

22  warranted.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the

23  standards that will be applied when a party seeks permission from the court to file material under

24  seal.

25

26

STIPULATED PROTECTIVE ORDER – 10

## 5. DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.    Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form:  (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  If only a portion or portions of the material on a page

STIPULATED PROTECTIVE ORDER – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1     qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

2     (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the

3     level of protection being asserted.

4         A Party or Non-Party that makes original documents or materials available for inspection

5     need not designate them for protection until after the inspecting Party has indicated which

6     material it would like copied and produced. During the inspection and before the designation, all

7     of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

8     ATTORNEYS' EYES ONLY," or, for source code related materials, "HIGHLY

9     CONFIDENTIAL – SOURCE CODE." After the inspecting Party has identified the documents

10    it wants copied and produced, the Producing Party must determine which documents, or portions

11    thereof, qualify for protection under this Order. Then, before producing the specified

12    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

13    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

14    – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions

15    of the material on a page qualifies for protection, the Producing Party also must clearly identify

16    the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify,

17    for each portion, the level of protection being asserted.

18         (b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the

19    parties must identify on the record, during the deposition, hearing, or other proceeding, all

20    protected testimony, without prejudice to their right to so designate other testimony after

21    reviewing the transcript. Any Party or Non-Party may, within twenty-one (21) days after

22    receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as

23    confidential. Alternatively, a Designating Party may specify, at the deposition or up to twenty-

24    one (21) days afterwards if that period is properly invoked, that the entire transcript shall be

25    treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

26    or "HIGHLY CONFIDENTIAL – SOURCE CODE."

STIPULATED PROTECTIVE ORDER – 12

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    Parties shall give the other parties notice if they reasonably expect a deposition, hearing

2    or other proceeding to include Protected Material so that the other parties can ensure that only

3    authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

4    (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

5    shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

7    CODE."

8    Transcripts containing Protected Material shall have an obvious legend on the title page

9    that the transcript contains Protected Material, and the title page shall be followed by a list of all

10   pages (including line numbers as appropriate) that have been designated as Protected Material

11   and the level of protection being asserted by the Designating Party.  The Designating Party shall

12   inform the court reporter of these requirements.  Any transcript that is prepared before the

13   expiration of a 21-day period for designation shall be treated during that period as if it had been

14   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety, and

15   source code material or testimony as "HIGHLY CONFIDENTIAL – SOURCE CODE," unless

16   otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

17   actually designated.

18       (c)  <u>Other tangible items</u>:  the Producing Party shall affix in a prominent place on

19   the exterior of the container or containers in which the information or item is stored the legend

20   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

21   "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the

22   information or item warrant protection, the Producing Party, to the extent practicable, shall

23   identify the protected portion(s) and specify the level of protection being asserted.

24       5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

25   designate qualified information or items does not, standing alone, waive the Designating Party's

26   right to secure protection under this Order for such material.  Upon timely correction of a

STIPULATED PROTECTIVE ORDER – 13

1  designation, the Receiving Party must make reasonable efforts to ensure that the material is

2  treated in accordance with the provisions of this Order.

3  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4       6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

5  confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

6  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

7  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

8  challenge a confidentiality designation by electing not to mount a challenge promptly after the

9  original designation is disclosed.

10       6.2    <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute

11  regarding confidential designations without court involvement.  Any motion regarding

12  confidential designations or for a protective order must include a certification, in the motion or in

13  a declaration or affidavit, that the movant has engaged in a good faith meet and confer

14  conference with other affected parties in an effort to resolve the dispute without court action.

15  The certification must list the date, manner, and participants to the conference.  A good faith

16  effort to confer requires a face-to-face meeting or a telephone conference.

17       6.3    <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court

18  intervention, the designating party may file and serve a motion to retain confidentiality under

19  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of

20  persuasion in any such motion shall be on the Designating Party.  Frivolous challenges, and

21  those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens

22  on other parties) may expose the challenging party to sanctions.  All parties shall continue to

23  maintain the material in question as confidential until the court rules on the challenge.

24  **7.    PROSECUTION BAR**

25       Absent written consent from the Producing Party, any individual who receives access to

26  Defendants' "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or

STIPULATED PROTECTIVE ORDER – 14

"HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not prepare, prosecute, draft, edit, amend, and/or assist in preparing any patents or patent applications relating to the field(s) of the accused technology in this action or to any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  To avoid any doubt, this paragraph does not preclude any person from representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes review or reexamination).  This Prosecution Bar shall begin when access to Defendants' "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after the receiving individuals' involvement with the action ends or two (2) years after final termination of this action, whichever comes first.

## 8.    SOURCE CODE

8.1    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with Section 2.8 above.

8.2    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Section 7, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Sections 4.3 and 4.4.

8.3    Any HIGHLY CONFIDENTIAL – SOURCE CODE information produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at the Seattle office (or closest office if there is no Seattle office) of the Producing Party's lead counsel

STIPULATED PROTECTIVE ORDER – 15

1    or another mutual agreed upon location.  To the extent reasonably practicable, all source files

2    should be electronically text-searchable and all schematics should be produced as black and

3    white, high-resolution or vectorized PDFs with electronically searchable text (e.g. signal and pin

4    names).  To the extent reasonably practicable, all computer language files in PDF should be

5    generated with line numbers and all text should be clearly legible.  The HIGHLY

6    CONFIDENTIAL – SOURCE CODE information shall be made available for inspection on at

7    least two secured computers ("Source Code Computers") in a secured room without Internet

8    access or network access to other computers, and the Receiving Party shall not copy, remove,

9    edit, or otherwise transfer any portion of the HIGHLY CONFIDENTIAL – SOURCE CODE

10   information onto any recordable media or recordable device.  No smart phones or other

11   recording devices or cameras may be brought into the room containing the Source Code

12   Computers.  The Producing Party may visually monitor the activities of the Receiving Party's

13   representatives during any source code review, but only to ensure that there is no unauthorized

14   recording, editing, copying, or transmission of the HIGHLY CONFIDENTIAL – SOURCE

15   CODE information.  Absent agreement to the contrary, the Receiving Party must give at least

16   five (5) business days' notice of its intent to inspect HIGHLY CONFIDENTIAL – SOURCE

17   CODE information so the Producing Party can ensure that adequate staffing is available to

18   facilitate and monitor the source code review.  Receiving party shall attempt to accommodate

19   reasonable requests to access the HIGHLY CONFIDENTIAL – SOURCE CODE information

20   outside of regular business hours.  Nothing herein prohibits a Receiving Party from reviewing

21   HIGHLY CONFIDENTIAL – SOURCE CODE information on more than one occasion, so long

22   as subsequent requests to review the HIGHLY CONFIDENTIAL – SOURCE CODE

23   information are reasonable and the requisite notice is provided.

24          8.4      The Source Code Computers shall include a file list of all source code stored

25   thereon, where the folders listed in such file list are organized and identifiable by product.  The

26   Receiving Party may use appropriate tool software on the Source Code Computers, which shall

STIPULATED PROTECTIVE ORDER – 16

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

be installed by the Producing Party, including an appropriate viewer for all available file types. If PDFs, this would be Adobe Reader or Adobe Acrobat. If text native files, this would be gvim (https://www.wim.org/download.php) or Notepad++ (https://notepad-plus-plus.org/download/v7.5.9.html). Producing Party must also install a program that can search file contents across a directory structure. If the files are PDF, Adobe Reader or Adobe Acrobat is appropriate; otherwise, a program called "Understand" (https://scitools.com) or an equivalent is required. At a minimum, the Source Code Computers must include tools providing the ability to (a) view, search, and line-number any source code file, (b) search for a given pattern of text through a number of files, and (c) compare two files and display their differences. Licensed copies of other mutually agreed upon tool software will be installed on the Source Code Computers by the Producing Party. The Receiving Party shall pay all costs associated with the purchase and installation of such software tools, and must provide the Producing Party with copies of such software tool(s) at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computers. If the agreed upon tool software requires a license, the Receiving Party shall provide the Producing Party with a CD or DVD (or URL, as applicable) containing licensed copies of all software tool(s) to be loaded on the Source Code Computers. Such request should be made at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the software tools available for use on the Source Code Computers. To the extent the Reviewing Party makes any notes on the contents of the source code, such notes shall also be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" and in no event may any notes made during or after the review copy any portion of the source code verbatim.

8.5     No copies of all or any portion of the HIGHLY CONFIDENTIAL – SOURCE CODE information may leave the room in which the HIGHLY CONFIDENTIAL – SOURCE CODE information is inspected except as otherwise provided herein. Further, no other written or electronic record of the HIGHLY CONFIDENTIAL – SOURCE CODE information is permitted

STIPULATED PROTECTIVE ORDER – 17

1    except as otherwise provided herein.  The Producing Party shall make available a laser printer

2    with commercially reasonable printing speeds for on-site printing during inspection of the

3    HIGHLY CONFIDENTIAL – SOURCE CODE information.  The Receiving Party may print

4    limited portions of the HIGHLY CONFIDENTIAL – SOURCE CODE information only when

5    necessary to prepare court filings or pleadings or other papers (including a testifying expert's

6    expert report), or for use in depositions. The Receiving Party shall be limited to printing two

7    hundred (200) pages total.  The Receiving Party shall not print HIGHLY CONFIDENTIAL –

8    SOURCE CODE information in order to review blocks of source code elsewhere in the first

9    instance, *i.e.*, as an alternative to reviewing that source code electronically on the Source Code

10    Computers, as the Parties acknowledge and agree that the purpose of the protections herein

11    would be frustrated by printing portions of code for review and analysis elsewhere, and that

12    printing is permitted only when necessary to prepare court filings or pleadings or other papers

13    (including a testifying expert's expert report), or for use in depositions.  Upon printing any such

14    portions of HIGHLY CONFIDENTIAL – SOURCE CODE information, the printed pages shall

15    be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label

16    "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed by the Receiving Party.

17    Within eight (8) business days, the Producing Party shall either (i) provide one copy set of such

18    pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed

19    portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring,

20    the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party

21    shall be entitled to seek a Court resolution of whether the printed HIGHLY CONFIDENTIAL –

22    SOURCE CODE information in question is narrowly tailored and was printed for a permitted

23    purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions

24    are no more than is reasonably necessary for a permitted purpose and not merely printed for the

25    purposes of review and analysis elsewhere.  The printed pages shall constitute part of the

26

STIPULATED PROTECTIVE ORDER – 18

1  HIGHLY CONFIDENTIAL – SOURCE CODE information produced by the Producing Party in

2  this action.

3         8.6       Access to HIGHLY CONFIDENTIAL – SOURCE CODE information shall be

4  limited to Outside Counsel of Record and up to three (3) consultants or experts of the Receiving

5  Party retained for the purpose of this Action and approved to access such Protected Materials

6  pursuant to Section 4.4 above.  The Receiving Party shall maintain a record of any individual

7  who has inspected any portion of the HIGHLY CONFIDENTIAL – SOURCE CODE

8  information in electronic or paper form.  The Receiving Party shall maintain all paper copies of

9  any printed portions of the HIGHLY CONFIDENTIAL – SOURCE CODE information, as well

10  as any notes created during the review of the HIGHLY CONFIDENTIAL – SOURCE CODE

11  information, in a secured, locked area.  The Receiving Party shall not create any electronic or

12  other images of the paper copies and shall not convert any of the information contained in the

13  paper copies into any electronic format.  The Receiving Party shall only make additional paper

14  copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other

15  papers (including a testifying expert's expert report), (2) necessary for deposition, or (3)

16  otherwise necessary for the preparation of its case.  All paper copies used during a deposition

17  shall be collected and secured by the party using the paper copy of HIGHLY CONFIDENTIAL

18  – SOURCE CODE information at the deposition at the conclusion of the deposition. and must

19  not be given to or left with a court reporter or any other individual.

20         8.7       Upon reasonable advance notice and request of the deposing party, and to the

21  extent reasonably necessary and practicable, a computer with the HIGHLY CONFIDENTIAL –

22  SOURCE CODE information of the party being deposed will be made available during

23  depositions taken at the offices of the lead counsel of the Producing Party, with a connected

24  printer to allow for any additional HIGHLY CONFIDENTIAL – SOURCE CODE information

25  that is reasonably necessary during the deposition to be printed out and identified by production

26  numbers or source code file name and line numbers, as appropriate.  Any paper copies of

STIPULATED PROTECTIVE ORDER – 19

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    HIGHLY CONFIDENTIAL – SOURCE CODE information used during a deposition shall not

2    be provided to the Court Reporter or attached to deposition transcripts.  All paper copies used

3    during the deposition shall be collected and secured by the party using the paper copy of source

4    code at the deposition at the conclusion of the deposition.  Any HIGHLY CONFIDENTIAL –

5    SOURCE CODE information that is printed out in this manner that the Receiving Party wishes

6    to keep after the deposition shall be subject to the provisions of Sections 8.5 and 8.6 above.

7    **9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

8    **OTHER LITIGATION**

9           If a Party is served with a subpoena or a court order issued in other litigation that compels

10   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

11   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

12   – SOURCE CODE" that Party must:

13          (a) promptly notify in writing the Designating Party.  Such notification shall

14   include a copy of the subpoena or court order;

15          (b) promptly notify in writing the party who caused the subpoena or order to issue

16   in the other litigation that some or all of the material covered by the subpoena or order is subject

17   to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated

18   Protective Order; and

19          (c) cooperate with respect to all reasonable procedures sought to be pursued by

20   the Designating Party whose Protected Material may be affected.

21          If the Designating Party timely seeks a protective order, the Party served with the

22   subpoena or court order shall not produce any information designated in this action as

23   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

24   "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

25   which the subpoena or order issued, unless the Party has obtained the Designating Party's

26   permission.  The Designating Party shall bear the burden and expense of seeking protection in

STIPULATED PROTECTIVE ORDER – 20

1    that court of its Protected Material – and nothing in these provisions should be construed as

2    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

3    another court.

4    **10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

5    **THIS LITIGATION**

6        10.1    The terms of this Order are applicable to information produced by a Non-Party in

7    this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such

9    information produced by Non-Parties in connection with this litigation is protected by the

10   remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions

11   should be construed as prohibiting a Non-Party from seeking additional protections.

12       10.2    In the event that a Party is required, by a valid discovery request, to produce a

13   Non-Party's confidential information in its possession, and the Party is subject to an agreement

14   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

15           (a)    promptly notify in writing the Requesting Party and the Non-Party that

16   some or all of the information requested is subject to a confidentiality agreement with a Non-

17   Party;

18           (b)    promptly provide the Non-Party with a copy of the Stipulated Protective

19   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

20   the information requested; and

21           (c)    make the information requested available for inspection by the Non-Party.

22       10.3    If the Non-Party fails to object or seek a protective order from this court within

23   fourteen (14) days of receiving the notice and accompanying information, the Receiving Party

24   may produce the Non-Party's confidential information responsive to the discovery request.  The

25   Non-Party's confidential information shall be designated as "CONFIDENTIAL" Material unless

26   the Non-Party requires a different designation.  The designation of Disclosure and Discovery

STIPULATED PROTECTIVE ORDER – 21

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  Material by the Non-Party can be challenged in accordance with the provisions of Section 6

2  herein.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

3  any information in its possession or control that is subject to the confidentiality agreement with

4  the Non-Party before a determination by the court.  Absent a court order to the contrary, the

5  Non-Party shall bear the burden and expense of seeking protection in this court of its Protected

6  Material.

7  **11.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

8            If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

9  Material to any person or in any circumstance not authorized under this Stipulated Protective

10 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

11 unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

12 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

13 made of all the terms of this Order, and (d) request such person or persons to execute the

14 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

15 **12.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

16 **          PROTECTED MATERIAL**

17            When a Producing Party gives notice to a Receiving Party that certain inadvertently

18 produced material is subject to a claim of privilege or other protection, the obligations of the

19 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

20 provision is not intended to modify whatever procedure may be established in an e-discovery

21 order or agreement that provides for production without prior privilege review.  Parties shall

22 confer on an appropriate non-waiver order under Fed. R. Evid. 502.

23 **13.      MISCELLANEOUS**

24            13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

25 seek its modification by the court in the future.

26

STIPULATED PROTECTIVE ORDER – 22

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

**14. FINAL DISPOSITION**

At a Producing Party's request, following the final disposition of this action as defined below, each Receiving Party shall, within sixty (60) days of such request, return or destroy all Protected Material to the Producing Party. In the case of Protected Material other than that designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," the Receiving Party's efforts shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order.

As used in this Section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms the Receiving Party's efforts to return or destroy copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

STIPULATED PROTECTIVE ORDER – 23

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1 reports, attorney work product, and consultant and expert work product, even if such materials

2 contain Protected Material.  Any such archival copies that contain or constitute Protected

3 Material remain subject to this Stipulated Protective Order as set forth below regarding the

4 duration of this agreement.

5        Even after final disposition of this litigation, the confidentiality obligations imposed by

6 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

7 order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

8 claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

9 the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

10 action, including the time limits for filing any motions or applications for extension of time

11 pursuant to applicable law.

STIPULATED PROTECTIVE ORDER – 24

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 15, 2019.

By: /s/ Erin Dungan (see Dkt. 81)
Devan V. Padmanabhan
Paul J. Robbennolt
Michelle E. Dawson
Erin O. Dungan
Britta S. Loftus
Padmanabhan & Dawson PLLC
45 S. 7th Street
Suite 2315
Minneapolis, MN 55402
Tel: 612-444-3601

Michael P. Matesky, II
Matesky Law PLLC
1001 4th Ave., Ste. 3200
Seattle, WA 98154
Tel: 206-701-0331

**Attorneys for Genuine Enabling**
**Technologies, LLC.**

DATED: August 14, 2019.

By: /s/ Kevin A. Zeck
Jerry A. Riedinger, WSBA No. 25828
Jonathan McFarland, WSBA No. 44872
Kevin Zeck, WSBA No. 41689
Perkins Coie LLP
1201 Third Ave.
Seattle, WA 98101
Tel: (206) 359-8000

David R. Pekarek Krohn (*pro hac vice*)
33 East Main Street, Suite 201
Madison, Wisconsin 53703-3095
Tel: (608) 663-7460

**Attorneys for Defendants Nintendo Co., Ltd.**
**and Nintendo of America Inc.**

STIPULATED PROTECTIVE ORDER – 25

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: August 19, 2019

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER – 26

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [*print or type full name*], of

_____ [*print or type full address*], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Western District of Washington on _____ in the case

*Genuine Enabling Technology LLC v. Nintendo Co. Ltd. et al.*, Case No. C19-00351-RSM (W.D.

Wash.).

    I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


    Date: _____

    City and State where sworn and signed: _____


    Printed name: _____


    Signature: _____

STIPULATED PROTECTIVE ORDER – 27