1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
8                          AT SEATTLE
9
10
11   GENUINE ENABLING TECHNOLOGY,        CASE NO. C19-351-RSM
     LLC,
12
                                          ORDER DENYING PLAINTIFF'S
13                 Plaintiff,             MOTION FOR OVER-LENGTH
                                          BRIEFING
14         v.

15   NINTENDO CO. LTD. AND NINTENDO
     OF AMERICA, INC.,
16

17                 Defendants.

18

19

20         This matter comes before the Court on Plaintiff Genuine Enabling Technology, LLC

21   ("GET")'s Motion to file over-length briefing on its upcoming responsive claim construction

22   brief. Dkt. #88. GET requests a five-page extension that would increase the length of its response

23   from 12 to 17 pages. *Id.*

24         Motions seeking approval to file an over-length motion or brief are disfavored but may be

25   filed subject to certain procedural conditions. LCR 7(f). No opposition shall be filed unless

26   requested by the court. LCR 7(f)(3). The Court finds opposition briefing from Defendants

27   Nintendo Co. and Nintendo of America, Inc. ("Nintendo") unnecessary.

28

ORDER DENYING PLAINTIFF'S MOTION FOR OVER-LENGTH BRIEFING - 1

Pursuant to Local Patent Rule 134(d), opening claim construction briefs are ordinarily limited to 24 pages per side, with responsive briefs limited to 12 pages. LPR 134(d). GET argues that increasing the response brief page limit by five pages is "necessary: 1) for GET to address the large number of claims identified for construction by Defendant Nintendo; and 2) to address the unfair advantage to Nintendo resulting from Nintendo's gamesmanship in identifying 20 claim terms for construction but dropping 8 of those claim terms in its opening brief." Dkt. #88 at 2. In parties' January 6, 2020 joint claim construction and prehearing statement, GET initially requested six extra pages to divide "as GET sees fit" between the opening and rebuttal briefs. Dkt. #84 at 7. Nintendo responded that increased page limits were unnecessary, countering that there were only eighteen claim terms for construction—not twenty—and that many terms were "closely related." *Id.* Nintendo also claimed that of those eighteen terms, GET proposed ten of them for construction. *Id.* GET never moved for leave to file an over-length brief pursuant to LCR 7(f) before filing its opening claim construction brief.

On January 23, 2020, after parties filed their opening briefs, GET filed the instant motion. Dkt. #88. GET maintains that Nintendo engaged in "gamesmanship" by identifying twenty terms for construction and dropping eight of those terms in its opening brief without informing GET that it would do so. *Id.* at 2-3. As a result, GET argues, it wasted five pages briefing eight claim terms that Nintendo proposed and then dropped. GET now seeks to recoup those five pages through the instant motion.

The Court finds GET's argument contradictory. At the same time GET requests additional pages because of the many claims identified by Nintendo, it contends that Nintendo's decision to drop eight claim terms from its opening brief without notice also necessitates additional pages. The Court's impression is that Nintendo's decision to drop claims from its opening brief would

require fewer pages for GET's response—not more. The Court is also not persuaded by GET's argument, given that it requested six extra pages even before Nintendo filed its opening brief.

Finally, the Court is not persuaded that Nintendo's actions amount to "gamesmanship." While the Local Patent Rules direct parties to meet and confer to finalize the list of terms in the Joint Claim Construction and Prehearing Statement, *see* LPR 131(c), the Court finds nothing in the rules that require parties to notify one another of which claims they will focus on in their opening briefs. Nintendo's decision to prioritize the ten terms listed in parties' joint pre-hearing statement seems logical given the page limitation.

For these reasons, the Court finds that no good cause exists for granting GET's request to file an over-length brief. Having reviewed GET's Motion and the remainder of the record, the Court hereby finds and ORDERS that GET's Motion for Over-length Briefing, Dkt. #88, is DENIED.

DATED this 28 day of January 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE