UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENUINE ENABLING TECHNOLOGY LLC., <br><br> Plaintiff, <br><br> v. <br><br> NINTENDO CO., LTD. and NINTENDO OF AMERICA INC., <br><br> Defendants. | Case No. C19-00351-RSM <br><br> ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO SEAL |

This matter comes before the Court on Plaintiff Genuine Enabling Technology, LLC (GET)'s unopposed motion to seal, Dkt. #97, which Defendants Nintendo Co. Ltd and Nintendo of America, Inc. ("Nintendo") do not oppose, Dkt. #104. The motion relates to documents designated by Nintendo as "highly confidential" pursuant to parties' Protective Order and therefore filed under seal by GET pursuant to Local Rules W.D. Wash. LCR 5(g). For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Seal, Dkt. #97.

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). To overcome this strong presumption, a party seeking to seal a judicial record must meet the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Under this "stringent standard," a court may only seal records

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO SEAL
PAGE - 1

when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir.2006)) (internal quotations omitted).

The Court's Local Rules instruct parties to present legal and evidentiary support in a motion to seal. Normally that motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rules W.D. Wash. LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

*Id.* In this case, the protective order stipulated and agreed to by the parties on August 19, 2019, states that "Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal." Dkt. #82 at 10.

Plaintiff's Motion to Seal, Dkt. #97, concerns excerpts from Nintendo technical documents that describe the components and internal operations of Nintendo's Wii Remote, Wii Remote Plus, Wii U Gamepad, and Switch Joy-Cons. Nintendo argues that these materials should remain under seal because they contain confidential and proprietary information. Dkt. #104 at 2-3. Nintendo contends that such information would likely harm Nintendo, as it could be used by competitors to obtain commercial advantages, and/or by unscrupulous computer hackers to circumvent security measures used by Nintendo developers. *Id.* at 3. GET has filed no reply to its unopposed motion and does not appear to dispute Nintendo's position. *See* Dkt. #97.

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO SEAL
PAGE - 2

The Court agrees that Nintendo has provided compelling reasons to keep its technical documents under seal, as they contain business and proprietary interests that would harm Nintendo if publicly disclosed.  Accordingly, Dkts. ##99-103 shall remain sealed.

**CONCLUSION**

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that GET's Motion to Seal, Dkt. #97, is GRANTED.  Nintendo's technical documents, Dkts. #99, #100, #101, #102, and #103, shall remain sealed.

DATED this 29th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE