1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8   GENUINE ENABLING TECHNOLOGY
    LLC.,
9
                      Plaintiff,
10
            v.
11
12  NINTENDO CO., LTD. and NINTENDO OF
    AMERICA INC.,
13
                      Defendants.
14

CASE NO. C19-00351-RSM

ORDER GRANTING IN PART PLAINTIFF
GET'S MOTION TO RETAX PURSUANT
TO RULE 54(D)(4)

15

16              **I.    INTRODUCTION**

17      This matter comes before the Court on Plaintiff Genuine Enabling Technology ("GET")'s

18  Motion to Retax Pursuant to LCR 54(d)(4), Dkt. #131.  Plaintiff argues that the Clerk of Court

19  improperly taxed GET for the costs of thirteen items totaling $7.619.88, and moves to reduce the

20  costs taxed by the Clerk by that amount.  Defendants Nintendo Co., Ltd. and Nintendo of

21  America, Inc. ("Nintendo") argue that the Clerk's award is fully supported by the facts and the

22  law, and the award should be affirmed.

23      For the reasons set forth below, the Court finds that the costs related to obtaining the

24  deposition exhibits for Dr. Fernald and GET, totaling $486.55, are properly retaxed.  GET's

25  motion to retax is DENIED as to the remaining $7,133.33 in costs.

26

27

ORDER GRANTING IN PART PLAINTIFF GET'S MOTION TO RETAX – 1

## II.    DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—shall be allowed to the prevailing party."  In taxing costs, the attendance, travel, and subsistence fees of witnesses, for actual and proper attendance, shall be allowed in accordance with 28 U.S.C. § 1821, whether such attendance was procured by subpoena or was voluntary.  LCR 54(d)(3).  All other costs shall be taxed in accordance with 28 U.S.C. §§ 1920, 1921, 1923, 1927, and 2412.  *Id.*  The taxation of costs by the Clerk shall be final, unless modified on appeal.  LCR 54(d)(4).

### B.  Scanning and Digitization of GET Hard Copy Records (Item No. 22)

GET moves to retax costs related to Nintendo's printing, copying, and exemplification of GET's hard copy records, totaling $3,254.78.  Dkt. #131 at 4-9.  These costs arise from a document request from Nintendo, which sought the contents of "boxes containing materials from GET and/or Nghi Nguyen that [GET's former counsel] collected and then transferred to [GET's present counsel] . . . ."  Dkt. #129-3 at 3.  This request yielded approximately ten boxes that Nintendo physically inspected.  *Id.* at 3-4.  Nintendo then paid a vendor, C-Teq, to scan "some but not all" of the documents.  *Id.* at 3.

Costs related to production of electronic documents fall under 28 U.S.C. § 1920(d)(4), which allows for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  While the statute originally applied to making only "copies of paper," it now extends to the "making copies of any materials," including electronic materials.  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 926 (9th Cir. 2015); *see also In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1365 (Fed. Cir. 2011)

ORDER GRANTING IN PART PLAINTIFF GET'S MOTION TO RETAX – 2

("[E]lectronic production of documents can constitute... 'making copies' under section 1920(4)."). However, taxable costs are "limited to relatively minor, incidental expenses as is evident from § 1920." *In re Online*, 779 F.3d at 926. Consequently, "not every task associated with electronic discovery is taxable." *Allvoice Developments U.S. LLC v. Microsoft Corp.*, No. C10-2102 RAJ, 2015 WL 12659928, at *3 (W.D. Wash. July 15, 2015). "It may be that extensive 'processing' of [electronically stored information] is essential . . . But that does not mean that the services leading up to the actual production constitute 'making copies.'" *In re Online*, 779 F.3d at 828 (quoting *Race Tires America, Inc., v. Hoosier Racing Tie Corp.*, 674 F.3d 158 (3d Cir. 2012)). Accordingly, courts have found certain tasks such as optical character recognition ("OCR") and converting to TIFF format taxable, while barring recovery for activities such as uploading to a third-party database or "keyword" searching. *Id.* at 929–32.

GET challenges several tasks billed by C-Teq as "vague and unspecific" or "encompass[ing] significantly more than simple copy or scanning costs." Dkt. #131 at 6. These tasks include: (1) "logical doc comp – loose sections only"; (2) "capture folder data," (3) "OCR," (4) "hand time"; and (5) "assemble data parts." *Id.* at 6-7 (citing Dkt. #127-1 at 16). Nintendo argues that each of these tasks were undertaken to prepare intelligible scans. Dkt. #132 at 4. Specifically, Nintendo explains that "Logic Doc Comp" means checking that documents are properly ordered before scanning, "Capture Folder Data" ensures that the originating folder information from the physical boxes is kept as part of the scanning process, "Hand time" refers to scanning and creating PDFs of covers and table of contents for books within documents to be scanned, while "Assemble data parts" prepares the deliverable format of the files for upload to a third-party database. *Id.* at 4-5.

ORDER GRANTING IN PART PLAINTIFF GET'S MOTION TO RETAX – 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

When analyzing costs associated with electronic document processing, determining whether certain tasks fall under Section 1920(4) often depends on the context and parties' agreement to forms of production. *See Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA LB, 2012 WL 6761576, at *15 (N.D. Cal. Oct. 23, 2012) (Every case is fact specific. . . . An ESI world permits many different formats, and what the parties ask for and agree to regarding the form of production affects not only the utility of the production but also the costs attributable to it (and hence the taxable costs under section 1920(4)).").  Here, parties agreed that C-Teq would scan the hard-copy documents, return them to the same condition, and provide scans of the documents to both GET and Nintendo.  Dkt. #129-4 at 2.  The Court finds that the tasks billed by C-Teq fall well within the copying and scanning process parties agreed to before documents were uploaded by Nintendo to the third-party review platform.  *Cf.  Allvoice Developments U.S. LLC v. Microsoft Corp.*, No. C10-2102 RAJ, 2015 WL 12659928, at *3 (W.D. Wash. July 15, 2015) (Disallowing costs for file loading, exporting, management and hosting of the third-party electronic database).

GET also argues that the cost of scanning these documents cannot be considered "necessary," given that Nintendo only identified eight of the scanned documents used at depositions or in briefs.  Dkt. #131 at 6 (citing *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)).  However, the Ninth Circuit in *Haagen-Dazs* dismissed the argument GET advances here that copying costs may only be assessed for documents used and made part of the record.  *See Haagen-Dazs Co.*, 920 F.2d at 588 ("[S]ection 1920(4) enables a court to award copying costs for any document 'necessarily obtained for use in the case' and does not specifically require that the copied document be introduced into the record to be an allowable cost.").

ORDER GRANTING IN PART PLAINTIFF GET'S MOTION TO RETAX – 4

For these reasons, the Court finds that C-Teq's tasks fall within the scope of copying electronic materials under 28 U.S.C. § 1920(4) and are therefore recoverable costs.

**C.  Translation of Prior Art Reference (Item No. 23)**

GET also moves to retax costs charged for translation of a prior art reference, totaling $425.00.  Dkt. #131 at 9-10.  GET argues that costs for translation are not taxable under 28 U.S.C. § 1920(6), which provides for compensation of interpreters.  Dkt. #131 at 9.  While GET correctly points out that the meaning of "interpreter" under Section 1920(6) does not apply to translators of written material, *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 572 (2012), Nintendo seeks reimbursement under a different subsection: Section 1920(4).  Courts that have considered the issue have found that in patent cases, translation of prior art falls within the ambit of copying costs under Section 1920(d)(4).  *See Intercontinental Great Brands LLC v. Kellogg N. Am. Co.,* Case No. 13-c-321, 2016 WL 316865, at *4–*5 (N.D. Ill. Jan. 26, 2016) ("[C]opies of documents showing prior art are often crucial in patent disputes, and if the original documents are in a foreign language, translating them into English so that the Court may understand them is part and parcel of obtaining necessary copies.").  The Court agrees with the reasoning in *Intercontinental* and finds that the costs of translating the prior art reference are recoverable.

**D.  Deposition-Related Costs**

GET also moves to retax costs related to parties' depositions.  Dkt. #131 at 10-12.  GET argues that the costs were incurred merely for the convenience of counsel.  For the reasons set forth below, the Court finds most of these costs recoverable.

1.  <u>Deposition Video (Item Nos. 5, 9, 15 and 16)</u>

GET moves to retax Nintendo's costs of obtaining videos of the depositions of Mr. Nguyen, the named inventor of the patent and GET's owner, and Dr. Fernald, GET's technical

expert. *Id.* at 10. These costs total $2,536.25. GET acknowledges that both Mr. Nguyen and Dr. Fernald are "important" witnesses. *Id.* at 11. However, it argues that Nintendo was required to establish that it needed both the videos and the transcripts of these depositions. *Id.* at 11 (citing *George v. Fla Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *7 (S.D. Fla. May 23, 2008) and *Perfect Web Techs., Inc. v. Infousa, Inc.*, No. 07-80286, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009). In both *George* and *Perfect Web*, the Southern District of Florida required the party seeking recovery of costs for obtaining a deposition video and transcript to demonstrate that both were necessary. *See id.* GET also cites to a case from the Eastern District of Texas, wherein the court concluded that because Section 1920 "makes no provision for videotapes of depositions, recovery of such without prior authorization of the court is not allowed." *Ameranth, Inc. v. Menusoft Sys. Corp.*, Case No. 2:07-cv-271, 2011 WL 13196295, at *2 (E.D. Tex. May 25, 2011).

In contrast to these out-of-circuit cases, courts in this district have awarded costs for both the videotape and the transcript of an important witness deposition where the witness may not be compelled to appear at trial. *Compare Glob. Enterprises, LLC v. Montgomery Purdue Blankinship & Austin PLLC*, No. C13-1662 TSZ, 2014 WL 12899284, at *2 (W.D. Wash. Dec. 11, 2014) (Allowing costs for video and transcript of deposition of out-of-state witnesses) *with Bichindaritz v. Univ. of Washington*, No. C10-1371RSL, 2012 WL 3079092, at *1 (W.D. Wash. July 27, 2012) (Allowing costs for transcript but disallowing costs for videotaping "where plaintiff was available for trial and use of a videotape was unlikely."). Nintendo argues that since Mr. Nguyen and Dr. Fernald reside outside of Washington, they are beyond the Court's trial subpoena power. Dkt. #132 at 5. Although GET insists that both witnesses "are undoubtedly expected to voluntarily attend trial," Dkt. #131 at 11, its argument "does not render this concern

ORDER GRANTING IN PART PLAINTIFF GET'S MOTION TO RETAX – 6

moot." *Glob. Enterprises*, 2014 WL 12899284, at *2.  Accordingly, the Court finds that the costs for obtaining the videotape of Dr. Fernald's deposition are recoverable, given that Dr. Fernald is outside the 100-mile geographic scope for trial subpoenas.  *See* Fed. R. Civ. P. 45(c)(1)(A).  However, while neither party raises the issue, it is unclear to the Court why Mr. Nguyen—the sole owner of GET—would not fall within the ambit of Rule 45(c) as an officer of GET.  *See Seiter v. Yokohama Tire Corp.*, No. C08-5578 FDB, 2009 WL 3663399, at *1 (W.D. Wash. Nov. 3, 2009) ("[C]orporate officers of a party may be subpoenaed and required to travel more than 100 miles from where they reside, are employed, or regularly transact business."); *see also* Fed. R. Civ. P. 45(c)(1)(B)(i).

Nevertheless, assuming that Mr. Nguyen could be compelled to attend trial under Rule 45, courts in this district have found it is "the usual and customary practice of the Court" to award costs for conducting the deposition in the matter agreed to by the parties.  *Glob. Enterprises*, 2014 WL 12899284, at *3 (quoting *Leahy v. Edmonds Sch. Dist.*, No. C07-1970 RSM, 2009 WL 529577, at *5 (W.D. Wash. Mar. 2, 2009)) (internal quotations omitted).  Here, Nintendo videotaped Mr. Nguyen to preserve his testimony and demeanor in the event he could not attend trial, to which GET made no objection.   Dkt. #132-1 at ¶ 4.  Where a party makes no objection to videotaping a deposition, "it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."  *Glob. Enterprises*, 2014 WL 12899284, at *3 (quoting *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996)).  Considering this context, the Court finds that the Clerk properly awarded Nintendo costs to videotape both depositions.

//

//

ORDER GRANTING IN PART PLAINTIFF GET'S MOTION TO RETAX – 7

2.   <u>Deposition Exhibits (Item Nos. 3, 7, 12, 13, 19, 20)</u>

Next, GET seeks to retax the cost of obtaining deposition exhibits, totaling $787.90.  Dkt. #131 at 12.  It relies on cases from the Western District of Virginia and the Southern District of Florida, where courts found that the cost of deposition exhibits were obtained out of convenience rather than necessity.  *Clehm v. BAE Sys., Inc.*, No. 7:16-cv-00012, 2018 WL 3978183, at *8 (W. D. Va. May 9, 2018) ("[C]ourts generally do not award costs for the inclusion of exhibits, as these are primarily for the convenience of counsel, who often has a copy of the exhibit at hand already."); *see also Perfect Web Techs., Inc.*, 2009 WL 2407689, at *9 ("[M]ost courts have found that the costs for . . . exhibit scanning are not taxable costs.").  However, as Nintendo points out, courts in this district have concluded that costs for obtaining deposition exhibits are recoverable.  *Global Enters.*, 2014 WL 12899284, at *3 ("MPBA is correct to point out that it would make little sense for a party to request a deposition transcript, but not copies of the exhibits.").

Here, GET clarifies that Nintendo took three of the four depositions for which exhibit costs were awarded.  Dkt. #131 at 12.  For that reason, GET argues, Nintendo "undoubtedly already has in hand copies of *at least* the exhibits from those depositions."  *Id.* (emphasis in original).  Nintendo responds that "[t]he only use of exhibits from one deposition in another occurred at March 2020 Rule 30(b)(6) continuation deposition of GET."  Dkt. #132 at 7.  Nintendo concedes that it used four exhibits at the March 2020 continuation deposition of GET that it previously introduced at the November 2019 deposition of GET.  *Id.*

The Court finds that Nintendo's response does not meaningfully address GET's argument.  While Nintendo discusses the extent to which it reused exhibits in depositions, it does not resolve the larger question of why it was necessary, as opposed to merely convenient, to

ORDER GRANTING IN PART PLAINTIFF GET'S MOTION TO RETAX – 8

obtain copies of exhibits for the depositions it took. *See* 28 U.S.C. § 1920(4) (Permitting recovery of fees for exemplification and copies of papers "necessarily obtained for use in the case."). Having considered the record and parties' arguments, the Court cannot conclude that Nintendo has met its burden to show that it obtained these exhibits out of necessity as opposed to mere convenience.

Accordingly, the Court finds that the costs for obtaining exhibits from the deposition of Dr. Fernald (Item No. 3) and GET (Item Nos. 7, 12, 13), totaling $486.55, are properly retaxed. However, the costs of the exhibits from the deposition of Dr. Bims (Item Nos. 19, 20), totaling $301.35, are recoverable. *Global Enters.*, 2014 WL 12899284, at *3.

**E. Markman Hearing Transcript (Item No. 17)**

Lastly, GET seeks to retax the costs for obtaining the transcript of the claim construction hearing, totaling $615.95. Dkt. #131 at 13. GET relies on a case from the Southern District of Florida, which declined to award costs for obtaining transcripts in a breach of contract action. *See* Dkt. #131 at 13 (citing *Five for Ent'mt, S.A. v. Rodriguez*, No. 11-24142-CV, 2017 WL 511085 (S.D. Fla. Feb. 2, 2017)). In *Five for Ent'mt*, the court declined to award costs for obtaining daily trial transcripts and pre-trial conference transcripts. *Five for Ent'mt*, 2017 WL 511085 at *12.

The Court finds the transcripts at issue in *Five for Ent'mt* are readily distinguishable from the transcript of a Markman hearing, which courts consistently have found "necessary" in patent cases. *See, e.g.*, *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 12-cv-00800-WCB, 2015 WL 4776501, at *7 (E.D. Tex. Aug. 13, 2015) ("[I]t is reasonable to expect that what transpires at a claim construction hearing would continue shaping the parties' positions on infringement and validity. Thus, obtaining a transcript of the claim construction hearing is often necessary.");

ORDER GRANTING IN PART PLAINTIFF GET'S MOTION TO RETAX – 9

*Apple Inc. v. Samsung Elecs. Co.*, Case No. 11-cv-01846-LHK, 2014 WL 4745933, at *7-8 (N.D. Cal. Sept. 19, 2014) (Awarding costs for claim construction hearing transcript).  The Court agrees with the reasoning of *Kroy IP Holdings* and *Apple Inc.* that obtaining copies of the *Markman* hearing transcripts is "necessary" under Section 1920(4) and therefore recoverable.

### CONCLUSION

The Court, having considered the parties' briefing, the declarations and exhibits in support thereof, and the remainder of the record, hereby finds and ORDERS that GET's Motion to Retax, Dkt. #131, is GRANTED IN PART.  The Clerk's Taxation of Costs, Dkt. #130, shall be amended to reduce the costs awarded by $486.55, for a total taxation of $19,887.98.

DATED this 21st day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART PLAINTIFF GET'S MOTION TO RETAX – 10