UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENUINE ENABLING
TECHNOLOGY LLC,

    Plaintiff,

  v.

NINTENDO CO., LTD.; and
NINTENDO OF AMERICA INC.,

    Defendants.

C19-0351 TSZ

ORDER

THIS MATTER has a long and complex history.  Plaintiff Genuine Enabling Technology LLC ("GET") commenced this action against defendants Nintendo Co., Ltd. and Nintendo of America Inc. (collectively, "Nintendo") in February 2017 in the District of Delaware.  See Compl. (docket no. 1).  Contemporaneously, GET also initiated litigation in the District of Delaware against Sony Corporation and Sony Interactive Entertainment LLC (collectively, "Sony").  See Compl. (D. Del. Case No. 17-cv-135, docket no. 1).  In both lawsuits, GET alleged that various video game controllers and console systems[1] infringed U.S. Patent No. 6,219,730 (the "'730 Patent").

---

[1] Nintendo's products bear the trademarks "Wii" and "Switch," while Sony's brand names are "PlayStation" and "DualShock."

ORDER - 1

1     Thereafter, both Nintendo and Sony unsuccessfully petitioned to the U.S. Patent

2 and Trademark Office's Patent Trial and Appeal Board ("PTAB") for institution of inter

3 partes review ("IPR") proceedings, asserting that the '730 Patent was obvious or

4 anticipated by prior art; in connection with the denial of each IPR petition, the PTAB

5 concluded, based on its interpretation of the claim term "input signal," that the petitioner

6 had failed to establish a reasonable likelihood of prevailing on the asserted grounds. <u>See

7 Sony Interactive Ent. LLC v. Genuine Enabling Tech. LLC</u>, No. IPR2017-2065, 2018 WL

8 1358438 (P.T.A.B. Mar. 14, 2018); <u>Nintendo Co. v. Genuine Enabling Tech. LLC</u>, No.

9 IPR2018-542, 2018 WL 3760924 (P.T.A.B. Aug. 6, 2018); <u>Nintendo Co. v. Genuine

10 Enabling Tech. LLC</u>, No. IPR2018-543, 2018 WL 3758203 (P.T.A.B. Aug. 6, 2018).

11     In February 2019, over GET's objection, the case involving Nintendo was

12 transferred to this District as the proper venue pursuant to 28 U.S.C. § 1400(b). <u>See</u>

13 Mem. Op. (docket no. 44). In March 2020, in the action against Sony, the District of

14 Delaware issued a memorandum opinion and an order concerning claim construction.

15 <u>See Genuine Enabling Tech. LLC v. Sony Corp.</u>, No. 17-135, 2020 WL 1140910 (D. Del.

16 Mar. 9, 2020); <u>see also</u> Order (D. Del. Case No. 17-cv-135, docket no. 113). In the Sony

17 matter, the District of Delaware interpreted the term "input signal" consistently with

18 GET's proposal, as well as the PTAB's decisions, to mean "a signal having an audio or

19 higher frequency." <u>See</u> 2020 WL 1140910, at *6–7. In briefs filed a couple of months

20 before the District of Delaware entered its claim construction order, Nintendo argued in

21 this case for a more restrictive meaning of "input signal," and the Honorable Ricardo S.

22 Martinez adopted Nintendo's position, construing the term to mean "signals above

23

ORDER - 2

500 Hz and excluding signals generated from positional change information, user selection information, physiological response information, and other slow-varying information." See Order at 19 (docket no. 123).  Judge Martinez did not construe any other disputed claim terms.  See id.  In July 2020, relying on his definition of "input signal," Judge Martinez granted summary judgment in favor of Nintendo on the basis of noninfringement.  Id. at 19–29.  In April 2022, the United States Court of Appeals for the Federal Circuit reversed and remanded for further proceedings, holding that an "input signal" is "a signal having an audio or higher frequency."  Genuine Enabling Tech. LLC v. Nintendo Co., 29 F.4th 1365 (Fed. Cir. 2022).

In September 2023, about sixteen (16) months after the Federal Circuit's mandate issued, GET and Nintendo filed, in this case, a Joint Status Report, docket no. 136, indicating disagreement about how to proceed.  In October 2023, the case was reassigned to the Honorable Jamal N. Whitehead.  On March 25, 2024, the District of Delaware granted summary judgment in favor of Sony, concluding that GET could not, as a matter of law, prove infringement.  See Genuine Enabling Tech. LLC v. Sony Corp., No. 17-cv-135, 2024 WL 1255513 (D. Del. Mar. 25, 2024).  GET has appealed to the Federal Circuit, but, importantly, it has not challenged the District of Delaware's claim term constructions.  In July 2024, GET and Nintendo filed, in this case, another Joint Status Report, docket no. 144, again reflecting disputes concerning the appropriate approach to advance this litigation.  On December 20, 2024, the matter was reassigned to the undersigned judge, who having reviewed the records in both this action and the case involving Sony, as well as in the PTAB proceedings, hereby ORDERS as follows:

ORDER - 3

(1) Nintendo's proposal to stay this action pending the Federal Circuit's decision in the litigation involving Sony, <u>see</u> Joint Status Report at ¶ 2.1 (docket no. 144 at 9–10), is GRANTED in part and DENIED in part. In its motion for summary judgment, Nintendo argued that its allegedly infringing products lack the requisite "framer," also known as a "means for synchronizing and encoding" a "user input stream." <u>See</u> Defs.' Mot. at 16–18 (docket no. 90). In the case against Sony, the District of Delaware concluded that 35 U.S.C. § 112(f)[2] applied to the claim term "framer," and it construed the element as having (i) the function of "[s]ynchronizing the user input stream with the input stream and encoding the user input stream and the input stream into a combined data stream," and (ii) the structure of the "logic design at block 34 in Figure 4A" of the '730 Patent and the "equivalents thereof." 2020 WL 1140910, at *14. In granting summary judgment in favor of Sony, the District of Delaware rejected GET's contention that the "Bluetooth module" in Sony's products are equivalent to block 34 in Figure 4A. 2024 WL 1255513, at *5–6. The District of Delaware's reasoning is currently subject to review by the Federal Circuit, and the Court concludes that it should DEFER ruling on the portion of Nintendo's motion for summary judgment relating to whether its devices contain the requisite "framer" or synchronizing-and-encoding means.

---

[2] This provision of the Patent Act provides that "[a]n element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." 35 U.S.C. § 112(f).

ORDER - 4

Nintendo's request for a stay pending the Federal Circuit's decision in the Sony matter is otherwise DENIED.

(2)  The Court hereby CONSTRUES the claim term "input signal," in the manner required by the Federal Circuit, <u>see</u> 29 F.4th at 1375–76, and consistently with the District of Delaware and the PTAB, to mean "a signal having an audio or higher frequency."  In its motion for summary judgment, Nintendo asserted that the term "input signal" is indefinite.  <u>See</u> Defs.' Mot. at § V(A) (docket no. 90 at 23–24).  Nintendo has since withdrawn this contention, <u>see</u> Joint Status Report at 11 n.4 (docket no. 144), and the related portion of Nintendo's motion for summary judgment, docket no. 90, is STRICKEN without prejudice.

(3)  The parties are DIRECTED to show cause by February 7, 2025, why the Court should not adopt the District of Delaware's interpretations of the following claim terms:  (i) "framer," also described as "encoding means for synchronizing," "means for synchronizing and encoding," "framer [for] synchronizing," and "framer for keeping . . . in synchrony and encoding"; (ii) "input means for producing at least one input signal"; (iii) "user input means"; (iv) "converter" and/or "converting means"; and (v) "combined data stream" and/or "stream."  <u>See</u> Order (D. Del. Case No. 17-cv-135, docket no. 113); <u>see also</u> 2020 WL 1140910, at *7–17, *19–20, & *22.

(4)  With respect to the remaining disputed claim terms, <u>i.e.</u>, "additionally receiving at least one input signal" and/or "receiving user input signals and additionally at least one digital input signal," "input port," and "output port," the Court will address claim construction when it considers the undecided and unstayed portions of Nintendo's

ORDER - 5

motion for summary judgment, namely (a) whether an input signal must be received from an external source, and (b) whether the "framer" (synchronizing-and-encoding means) terms are indefinite.[3]  Nintendo's motion for summary judgment will be ready for review after the show cause deadline set forth in Paragraph 3.  The Clerk is DIRECTED to NOTE Nintendo's motion, docket no. 90, for February 10, 2025.

(5)   The Court will issue a scheduling order, if appropriate, after it rules on the issues identified in Paragraphs 3 and 4.

(6)   The Clerk is further DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 13th day of January, 2025.

Thomas S. Zilly
United States District Judge

---

[3] Nintendo's claim construction contentions that "input port and "output port" are indefinite constitute potentially dispositive issues, and they are more efficiently considered in conjunction with Nintendo's motion for summary judgment, which contains a separate argument about the indefiniteness of the "framer" terms.